FILED'08 JUN 04 15:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois insurer,<br><br>   Plaintiff,<br><br>  v.<br><br>NORTHWEST METAL PIPE & FAB CO. INC., an Oregon corporation; ANTHONY AND CATHY ST. JULIEN, husband and wife, and their marital community composed thereof; JAMES HARRISON AND JANE DOE HARRISON, husband and wife, and their marital community composed thereof; and TIMOTHY WHITE AND GINA WHITE, husband and wife, and their marital community composed thereof,<br><br>   Defendants. | Civ. No. 08-165-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

  Plaintiff Evanston Insurance Company filed suit seeking a declaratory judgment that it is not obligated to defend or

1 - OPINION AND ORDER

indemnify defendants Anthony and Cathy St. Julien in an underlying tort action brought against them by defendants Timothy and Gina White in the United States District Court for the Western District of Washington. Plaintiff also seeks a declaratory judgment that any assignment of rights by an insured under the policy issued by plaintiff is invalid.

Defendants Timothy White and James and Karen Harrison, appearing *pro se*, request a stay of this proceeding until resolution of the underlying tort action in the Western District of Washington. Additionally, defendant Northwest Metal Pipe & Fab. Co., Inc (Northwest Metal) seeks dismissal of plaintiff's claim.

## BACKGROUND

Plaintiff's claims arise from personal injuries suffered by Timothy White when an explosive device detonated a during a barbeque attended by employees of Northwest Metal. Anthony St. Julien was a project superintendent for Northwest Metal and was present at the barbeque at the time of the incident. Timothy and Gina White sued the St. Juliens for damages, alleging negligence, strict liability, and respondeat superior. Subsequently, the Whites sought to add Northwest Metal as a defendant but not James Harrison, a Northwest Metal employee who allegedly lit the explosive device. Pursuant to a general liability insurance policy issued by plaintiff to Northwest Metal, the St. Juliens tendered defense of the Whites's action to plaintiff.

2    - OPINION AND ORDER

Plaintiff hired defense counsel to defend the St. Juliens and issued a reservation of rights letter informing Anthony St. Julien that there would be no coverage for actions outside the scope of his employment or for actions that were intentional.

The Whites immediately made a policy limit demand to plaintiff. Additionally, the Whites prosed a consent/stipulated judgment to Anthony St. Julien, under which St. Julien would transfer or assign his rights under the policy, including any claim against plaintiff, to the Whites.

## DISCUSSION

### A. Motions to Stay

In this action, plaintiff seeks a declaration that it is not required to defend or indemnify the St. Juliens in the underlying tort action. Plaintiff also seeks a declaration that any assignment of rights under the insurance policy issued by plaintiff is invalid. See Holloway v. Rep. Indem. Co. of Am., 341 Or. 642, 147 P.3d 329 (2006). Under the Federal Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Further, "[t]he exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002).

In support of their motions to stay, Timothy White and the

3    - OPINION AND ORDER

Harrisons rely on <u>North Pac. Ins. Co. v. Wilson's Distributing Service, Inc.</u>, 138 Or. App. 166, 174, 908 P.2d 827 (1995). There, the Oregon Court of Appeals held that an insurer cannot establish facts in a declaratory judgment proceeding that have not been incontrovertibly established in a previous proceeding to demonstrate that it has no duty to defend an insured. Further, the court held that an insurer cannot force an insured to abandon the denial of liability in underlying action in order meet an exception to a policy exclusion in declaratory judgment action. <u>Id.</u> at 175, 908 P.2d 827. I do not find that <u>North Pac. Ins.</u> compels a stay in this case.

Although plaintiff seeks a declaration regarding its obligation to defend and indemnify the St. Juliens, "[t]he duty to defend is triggered by the bare allegations of a pleading. In contrast, the duty to indemnify is established by proof of actual facts demonstrating a right to coverage." <u>Northwest Pump & Equip. Co. v. Am. States Ins. Co.</u>, 144 Or. App. 222, 227, 925 P.2d 1241 (1996). Accordingly, "[a]n insurer has a duty to defend if the factual allegations of the complaint . . . state a claim for any offense covered by the policy." <u>Marleau v. Truck Ins. Exchange</u>, 333 Or. 82, 91, 37 P.3d 148 (2001).

In other words, to determine whether plaintiff must defend the St. Juliens in the tort action, I must look to the Whites's complaint and the insurance policy; such a determination does not

4    - OPINION AND ORDER

implicate the resolution of legal issues or facts underlying the Whites's claims against the St. Juliens. Likewise, whether the insurance policy issued by plaintiff prohibits an assignment of rights is not relevant to the claims raised in the Whites's tort action.

Granted, whether plaintiff must provide coverage and indemnify the St. Juliens could require resolution of facts at issue in the underlying tort case, such as whether St. Julien's actions were within the scope of his employment or were intentional. If asked to make that determination, I will at that time refrain from determining the issues of coverage or indemnity until resolution of the Whites's tort action. However, I need not address that issue with respect to this motion. Accordingly, the motion for stay is denied.

B.  Motion to Dismiss

Northwest Metal moves to dismiss on grounds that plaintiff's claim against it is moot. Northwest Metal asserts that it has reached an agreement with plaintiff that provides for plaintiff to withdraw its reservation of rights against the St. Juliens and Northwest Metal. In exchange, the St. Juliens and Northwest Metal agree not to enter into a covenant judgment with the Whites. Plaintiff does not oppose the motion so long as Northwest Metal abides by the agreement. Therefore, the motion is granted.

///

CONCLUSION

Accordingly, the motions for stay (docs. 3,4,5) are DENIED, and Northwest Metal's motion to dismiss (doc. 6) is GRANTED.

IT IS SO ORDERED.

Dated this 4 day of June, 2008.

_____
Ann Aiken
United States District Judge